IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NATURE JACOB,

    Petitioner,

v.                                                    No. 1:18-cv-01224-JDB-jay
                                                     Re: 1:13-cr-10033-JDB-3

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On November 8, 2018, Petitioner, Nature Jacob, filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition") pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) On preliminary review, and for the reasons that follow, the Petition is DENIED.[1]

BACKGROUND

In April 2013, a federal grand jury returned an indictment charging Jacob with two counts of aiding and abetting the robbery of a business engaged in interstate commerce, in violation of 18 U.S.C. §§ 2 and 1951 ("Hobbs Act robbery"), and two counts of aiding and abetting the knowing use, carrying, and brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c).[2] (*United States v. Jacob*, No. 1:13-cr-10033-JDB-3 (W.D. Tenn.), D.E. 2.) The Defendant subsequently pleaded guilty to the two robbery counts and one of the

---

[1]Unless otherwise noted, record citations are to documents filed in the instant case.

[2]In its discussion of the underlying criminal matter, the Court will refer to Jacob as the "Defendant."

firearm counts. (*Id.*, D.E. 56.) The Court sentenced him to an effective sentence of 135 months' incarceration and three years of supervised release. (*Id.*, D.E. 84.) He did not take a direct appeal.

The inmate filed the Petition five years later, asserting the following claims:

Claim 1: "The § 924(c) [conviction] . . . is unconstitutional in light of *Sessions v. Dim[a]ya*, [138 S. Ct. 1204 (2018)], rendering the sentence invalid and contrary to the law."

Claim 2: "The Hobbs Act robbery statute is broader than 'generic robbery' and not a predicate for § 924(c)."[3]

(D.E. 5 at PageID 4-5.)

DISCUSSION

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings for the United States District Courts.

Section 924(c)(1)(A) provides in pertinent part that,

> [e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, *any person who, during and in relation to any crime of violence* or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, *uses or carries a firearm, or who, in*

---

[3]The inmate argues that the Petition is timely under 28 U.S.C. § 2255(f)(3) because it was filed less than one year after *Dimaya* was decided. Because the Court concludes that Petitioner is not entitled to relief on the merits of his claims, it does not reach the limitations issue.

2

> *furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—*
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years;
> >
> > (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> >
> > (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A)(i)-(iii) (emphasis added).

Section 924(c)(3) sets forth a "two-part definition" of a crime of violence, "only one part of which need apply." *United States v. Robinson*, 708 F. App'x 272, 273 (6th Cir. 2017). "First, a crime of violence is a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.* (quoting 18 U.S.C. § 924(c)(3)(A)). This is known as the "use-of-force clause." *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 845 (2019). "Second, a crime of violence is a felony 'that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'" *Robinson*, 708 F. App'x at 273 (quoting 18 U.S.C. § 924(c)(3)(B)). This language is referred to as the statute's "residual clause." *Camp*, 903 F.3d at 597 n.2.

Jacob argues that his conviction under § 924(c) should be set aside because the residual clause is unconstitutionally vague pursuant to the reasoning set forth in *Dimaya*. He insists, in addition, that resort cannot be made to the statute's use-of-force clause because aiding and abetting Hobbs Act robbery is not categorically a crime of violence.

3

In *Dimaya*, the United States Supreme Court held that the residual clause in 18 U.S.C. § 16(b)'s definition of "crime of violence" is void for vagueness. *See Dimaya*, 138 S. Ct. at 1215-16. The Court found that the clause "produces . . . 'more unpredictability and arbitrariness than the Due Process Clause tolerates.'" *Id.* at 1216 (quoting *Johnson v. United States*, 135 S. Ct. 2551, 2558 (2015)).

Even if *Dimaya*'s finding rendered § 924(c)(3)'s residual clause unconstitutionally vague,[4] Petitioner is not entitled to relief. The Sixth Circuit recently held that "aiding and abetting Hobbs Act robbery satisfies the force clause" of § 924(c)(3). *United States v. Richardson*, 906 F.3d 417, 426 (6th Cir. 2018) (declining to address the constitutionality of § 924(c)(3)'s residual clause after *Dimaya* and holding that the defendant's conviction for aiding and abetting Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)), *petition for cert. docketed* (U.S. Dec. 14, 2018) (No. 18-7036). The claims are therefore DENIED.

For these reasons, the Petition is DENIED.

APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates

---

[4]In *United States v. Taylor*, 814 F.3d 340, 375-76 (6th Cir. 2016), *cert. denied*, 138 S. Ct. 1975 (2018), the Sixth Circuit held that § 924(c)(3)'s residual clause is not void for vagueness. The Supreme Court has recently called that ruling into question. *See Manners v. United States*, 139 S. Ct. 56 (2018) (mem.) (granting certiorari and remanding to Sixth Circuit for reconsideration of application of *Taylor* in light of *Dimaya*). *See also United States v. Richardson*, 906 F.3d 417, 425 (6th Cir. 2018) (acknowledging that "*Taylor* stands on uncertain ground"), *petition for cert. docketed* (U.S. Dec. 14, 2018) (No. 18-7036).

4

that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[5]

---

[5] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

5

IT IS SO ORDERED this 22nd day of March 2019.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE